UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| John M. Evans, III, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>Yanesh Brothers Construction Co., Inc.; Charles Yanesh; William Yanesh and William Yanesh, Jr.<br><br>           Defendants. | No. _____<br><br>**COLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201,** *et seq.* |

       Plaintiff, John M. Evans, III ("Plaintiff Evans"), individually, on behalf of all others similarly situated, and by and through the undersigned attorneys sues the Defendants, Yanesh Brothers Construction Co., Inc. ("Defendant Yanesh Bros."); Charles Yanesh ("Defendant Charles Yanesh"); William Yanesh ("Defendant William Yanesh") and William Yanesh, Jr. ("Defendant William Yanesh, Jr.") and alleges as follows:

## PARTIES

       1.     At all material times, Plaintiff Evans is an individual residing in Lake County, Ohio.

-1-

2.     At all material times, Defendant Yanesh Bros. was a corporation duly licensed to transact business in the State of Ohio. Defendant Yanesh Bros. does business, has offices, and/or maintains agents for the transaction of its customary business in Lake County, Ohio.

3.     Plaintiffs bring a collective action under the FLSA to recover the unpaid overtime owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4.     The Collective Members are all current and former general laborers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.     At all relevant times, Plaintiff Evans and the Collective Members were employees of Defendant Yanesh Bros. At all relevant times, Defendant Yanesh Bros., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Evans' and the Collective Members' Employment with Defendant Yanesh Bros. In any event, at all relevant times, Defendant Yanesh Bros. was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff Evans and the Collective Members.

6.     At all relevant times, Defendant Charles Yanesh owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant

Yanesh Bros. At all relevant times, Defendant Charles Yanesh had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Evans' and the Collective Members' Employment with Defendant Yanesh Bros. In any event, at all relevant times, Defendant Charles Yanesh was an employer subject to the FLSA and employed Plaintiff Evans and the Collective Members.

7. At all relevant times, Defendant William Yanesh owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Yanesh Bros. At all relevant times, Defendant William Yanesh had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Evans' and the Collective Members' Employment with Defendant Yanesh Bros. In any event, at all relevant times, Defendant William Yanesh was an employer subject to the FLSA and employed Plaintiff.

8. At all relevant times, Defendant William Yanesh, Jr. owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Yanesh Bros.. At all relevant times, Defendant William Yanesh, Jr. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Evans' and the Collective Members' Employment

-3-

with Defendant Yanesh Bros. In any event, at all relevant times, Defendant William Yanesh, Jr. was an employer subject to the FLSA and employed Plaintiff.

9.      Upon information and belief, Defendants were and continue to be residents of Lake County, Ohio.

10.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendant Yanesh Bros., Defendant Charles Yanesh, Defendant William Yanesh and Defendant William Yanesh, Jr. as defined by 29 U.S.C. § 203(e)(1).

11.     The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant Yanesh Bros., Defendant Charles Yanesh, Defendant William Yanesh and Defendant William Yanesh, Jr.

12.     At all relevant times, Defendant Yanesh Bros., Defendant Charles Yanesh, Defendant William Yanesh and Defendant William Yanesh, Jr. were and continue to be employers as defined by 29 U.S.C. § 203(d).

13.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Evans' and the Collective Members' work and wages at all relevant times.

14.     Plaintiff Evan and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff Evans and the Collective Members occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## BACKGROUND

17.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

## NATURE OF THE CLAIM

18.     Defendants own and/or operate Yanesh Brothers Construction Co., Inc., an enterprise located in Lake County, Ohio.

19.     Plaintiff Evans was employed by Defendants from approximately June 1, 2014 through approximately August 21, 2017 as a general construction laborer. At all times during his employment with Defendants, Plaintiff was non-exempt from the FLSA's overtime requirements.

20.     At all times during their employment with Defendant, the Collective Members were non-exempt from the FLSA's overtime requirements.

21.     During each and every workweek during which Defendants employed Plaintiff Evans, Plaintiff Evans was paid a single hourly rate, regardless of the amount of hours that Plaintiff Evans worked for Defendants.

22.     The Collective Members were likewise paid a single hourly rate, regardless of the amount of hours that the Collective Members worked for Defendants in any given workweek.

23.     For the entire duration of Plaintiff Evans' employment with Defendants, Defendants had a consistent policy and practice of requiring Plaintiff Evans to work well in excess of forty (40) hours per week without paying him time and a half for hours worked over forty (40) hours per week.

24.     Defendants likewise had a consistent policy and practice of requiring the Collective Member to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

25.     In a given workweek, and during each and every workweek during which Plaintiff Evans and the Collective Members worked for Defendants, Plaintiff Evans and the Collective Members worked in excess of 40 hours without being compensated one and one-half times their regular rate of pay.

26.  As a result of Defendants' failure to pay time and a half to Plaintiff Evans and the Collective Members for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## FACTUAL BACKGROUND

27.     Defendants hired Plaintiff Evans on or about June 1, 2014 as a general construction laborer. The Collective Members are former and current general laborers employed by Defendants in the past three (3) years prior to the filing of this Complaint.

28.     Defendants' employment of Plaintiff Evans concluded on or about August 21, 2017.

29.     Plaintiff Evans and the Collective Members were non-exempt employees.

30.     Plaintiff Evans and the Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, and did not direct the work of two or more employees.

31.     Plaintiff Evans' and the Collective Members' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise and they did not exercise discretion and independent judgment with respect to matters of significance.

32.     For the duration of their employment with Defendants, Plaintiff Evans and the Collective Members worked approximately fifty (50) hours per week.

33.     From the beginning of Plaintiff Evans' and the Collective Members' employment through the present day, Defendants failed to compensate them one and one-half times their regular rate of pay for any of their overtime hours.

34.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Evans and the Collective

-7-

Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff Evans' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

35.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff Evans and the Collective Members of their rights under the FLSA.

36.     Plaintiff Evans has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

### COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff Evans and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

38.     Plaintiff Evans brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current or former general laborers of Defendants.

39.     Defendants subjected all of their general laborers, including Plaintiff Evans and the Collective Members, to their policy and practice of not paying their general laborers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

40.     At all times material, Plaintiff Evans and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and

common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of not paying their general laborers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

41.     Plaintiff Evans' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff Watkins is identical or substantially similar.

42.     Plaintiff Evans and the Collective Members were each compensated on an hourly basis for the duration of their employment with Defendants.

43.     The Collective Members perform or have performed the same or similar work as Plaintiff Evans.

44.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

45.     All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

46.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts.

Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

47. As such, Plaintiffs bring their FLSA overtime wage claim as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former general laborers who were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, starting <u>three years before this lawsuit was filed up to the present</u>.**

48. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

49. Defendants are aware or should have been aware that federal law prohibited them from not paying their general laborers–namely, Plaintiff Evans and the Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

50. Defendants' unlawful conduct has been widespread, repeated, and consistent.

51. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

52. Upon information and belief, the individuals similarly situated to Plaintiff Evans include more than thirty (30) employees currently and/or formerly employed by Defendants, and Plaintiff Evans is unable to state the precise number of similarly-situated

employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

53.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## DAMAGES

54.     Plaintiff Evans and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

55.     Plaintiff Evans and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one and one half times their regular rates of pay.

56.     Plaintiff Evans and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

57.     Plaintiff Evans and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

58.     Plaintiff Evans and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs

59.    In a given workweek, and during each and every workweek, during which Plaintiff Evans and the Collective Members were employed by Defendants, they regularly and consistently worked approximately ten (10) hours of overtime per week, and Defendants did not pay Plaintiff Evans and the Collective Members one and one-half times their regular rate of pay for such time worked.

60.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff Evans and the Collective Members overtime according to the provisions of the FLSA.

61.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff Evans and the Collective Members in accordance with 29 U.S.C. § 207.

62.    Although at this stage, Plaintiff Evans and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

63.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Evans and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during their employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

64.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Evans and the Collective Members a wage equal to one and one half times their regular rate of pay for all time spent performing labor for Defendants in excess of her regular 40-hour workweek.

65.    As a result of Defendants failure or refusal to pay Plaintiff Evans and the Collective Members a wage equal to one and one-half times their regular rate of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff Evans and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John M. Evans, III and the Collective Members individually, and on behalf of all others similarly situated, requests that this Court enter Judgment against Defendants Yanesh Brothers Construction Co., Inc.; Charles Yanesh, William Yanesh and William Yanesh, Jr., in Plaintiff Evans' and the Collective Members' favor:

     a.  Awarding Plaintiff Evans and the Collective Members overtime compensation in the amount due to them for all their time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times their regular rate while working at Yanesh Brothers Construction, Co., Inc.

b.  Awarding Plaintiff Evans and the Collective Members liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiff Evans and the Collective Members reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff Evans' and the Collective Members' costs incurred in this action;

e.  Awarding Plaintiff Evans and the Collective Members pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiff Evans and the Collective Members post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of September, 2017.

THE BENDAU LAW FIRM, PLLC

By:    /s/ Clifford P. Bendau, II
Clifford P. Bendau, II (OH# 0089601)
Christopher J. Bendau
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Facsimile: (602) 304-3805

Email: cliffordbendau@bendaulaw.com

By:     /s/ *James L. Simon*
        James L. SIMON (OH# 0089483)
        6000 Freedom Square Drive
        Freedom Square II – Suite 165
        Independence, Ohio 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com

        *Counsel for Plaintiff*